UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM THOMAS,

    Plaintiff,

v.                                  Case No.   2:24-cv-302-JLB-KCD

FAYE BEADLE and EDWARDS,

    Defendants.
_____/

## ORDER

Plaintiff, a resident of the Florida Civil Commitment Center (FCCC), initiated this action on April 4, 2024 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1.)   In his second amended complaint, Plaintiff generally asserts that the defendants are violating his First Amendment rights by denying him access to books he has ordered.  (Doc. 10.)   On September 13, 2024, Plaintiff filed a motion for preliminary injunction.  (Doc. 27.)   Upon review, the Court concludes that the motion for preliminary injunction is due to be denied.

In his motion for preliminary injunction, Plaintiff argues that he has purchased books from a vendor called "Prison Legal News" and that Defendant Beadle has held the books because Prison Legal News is not an approved vendor for the FCCC.  (Doc. 27 at 2.)   He complains that Defendant Beadle told Plaintiff "to put in a request to Houston to get Prison Legal News approved as a vendor to receive the book."  (Id.)   He argues that the books should not have been confiscated in the first place and proposes that the "Wellpath Recovery Solutions policy and

procedure manual policy PRG-15 section 5.7.1 be amended to include approved vendors and bookstores into the policy." (Id. at 8.) Plaintiff's motion for preliminary injunction seeks no other specific relief.

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting Northeastern Fl. Ch. of Ass'n Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1284 (11th Cir. 1990)).

Here, Plaintiff does not seek to maintain the status quo. Rather, he seeks to obtain the identical relief he ultimately pursues in this action. In other words, Plaintiff attempts to leapfrog the litigation process and have the Court grant relief without first hearing from the opposition. But a motion for preliminary injunction is not appropriately used as a vehicle for final relief on the merits. Heckler v. Redbud Hosp. Dist., 473 U.S. 1308, 1314 (1985); Northeastern Fl. Ch. of Ass'n of Gen. Contractors, 896 F.2d at 1285 (quoting Sampson v. Murray, 415 U.S. 61, 90

(1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.")). The Court thus **DENIES** Plaintiff's motion for preliminary injunction. (Doc. 27.)

    **DONE AND ORDERED** in Fort Myers, Florida on September 16, 2024.

                                            */s/ John L. Badalamenti*
                                            JOHN L. BADALAMENTI
                                            UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record